**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WALTER THOMAS,** | ) | **CASE NO. 1:15CV2071** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon Plaintiff's Objections (ECF DKT #20) to the Report and Recommendation (ECF DKT #18) of Magistrate Judge Thomas M. Parker, who recommends that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Supplemental Security Income ("SSI") under Title XVI of the Act.  For the following reasons, the Court ADOPTS Magistrate Judge Parker's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claims.

**BACKGROUND**

The following is a factual synopsis of Plaintiff's claims.  The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the

1

facts.  For a complete overview of Plaintiff's medical history, see Magistrate Judge Parker's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to the dispute.

On December 27, 2007, Plaintiff filed an Application for SSI and federally administered benefits.  The Social Security Administration denied Plaintiff's Application on initial review and upon reconsideration.  On October 27, 2008, Plaintiff requested an administrative hearing.  Plaintiff's first hearing took place before an Administrative Law Judge ("ALJ") on June 14, 2010.  On August 25, 2010, the ALJ issued a decision finding that Plaintiff was not disabled.  The Appeals Council denied review, rendering the ALJ's August 25, 2010 decision final.  Plaintiff appealed that decision to this Court.  While the appeal on his first Application was pending in federal court, on August 13, 2012, Plaintiff filed another Application for SSI and also an Application for Disability Insurance Benefits ("DIB").  Plaintiff alleged a disability onset date of August 26, 2010.  Plaintiff did not meet the income requirements of DIB and, thus, his DIB Application was denied on October 6, 2012.

 Plaintiff's SSI claim was denied initially on October 31, 2012,  and after reconsideration on February 6, 2013.  On March 26, 2013, Plaintiff requested an administrative hearing.  A hearing took place on his second Application before an ALJ on May 20, 2014.  On January 26, 2015, the ALJ issued a decision finding that Plaintiff was not disabled.  The Appeals Council denied review, rendering the ALJ's January 26, 2015, decision final.  Plaintiff now seeks judicial review of the ALJ's decision.

## STANDARD OF REVIEW

A district court's review of a final administrative decision of the Commissioner made by an ALJ in a Social Security action is not de novo.  *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010) report adopted by 2011 WL 233697 (N.D. Ohio 2011).  Rather, a district court is limited to examining the entire administrative record to

determine if the ALJ applied the correct legal standards in reaching his decision and if there is substantial evidence in the record to support his findings. *Id. (citing Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005)). "Substantial evidence" is evidence that a reasonable mind would accept to support a conclusion. *Id. (See Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)).

## LAW AND ANALYSIS

In this case, the Vocational Expert ("VE") testified at the May 20, 2014, hearing before the ALJ. The VE testified as to some of Plaintiff's past work, however, the ALJ stated that he did not consider any of the mentioned positions as past relevant work. The ALJ then asked the VE to assume a hypothetical individual with Plaintiff's specific restrictions and limitations. The VE identified several jobs that such a hypothetical individual could perform. Plaintiff's counsel questioned the VE posing additional challenges to the proposed jobs for the individual.

Under the Act, 42 U.S.C. § 423(a), eligibility for benefit payments depends on the existence of a disability. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). Furthermore:

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...

42 U.S.C. § 423(d)(2)(A).

In making a determination as to disability under this definition, an ALJ is required to follow a five-step sequential analysis set out in agency regulations. The five steps can be summarized as follows:

1. If the claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3. If claimant is not doing substantial gainful activity, is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4. If the impairment does not meet or equal a listed impairment, the ALJ must assess the claimant's residual functional capacity and use it to determine if claimant's impairment prevents him from doing past relevant work. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5. If claimant is unable to perform past relevant work, he is not disabled if, based on his vocational factors and residual functional capacity, he is capable of performing other work that exists in significant numbers in the national economy.

20 C.R.F. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987).

The ALJ determined that Plaintiff has not been under a disability. The ALJ found that Plaintiff has some impairments but they do not meet or medically equal the severity of one of the listed impairments. The ALJ further found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Plaintiff argues in his Brief that the ALJ committed legal error when he failed to properly evaluate the medical evidence of record and as such his decision was not supported by substantial evidence. Plaintiff also claims the residual functional capacity ("RFC") is not supported by substantial evidence and does not accurately portray Plaintiff's functional limitations. In Plaintiff's Objections to the Magistrate Judge's Report and Recommendation, he challenges the Magistrate Judge's determination that the RFC was accurately portrayed by the ALJ. Plaintiff also challenges the ALJ's failure to include medical opinion evidence as required by SSR96-8p.

The Court finds that the Magistrate Judge thoroughly evaluated the ALJ's conclusion that Plaintiff's symptoms were not entirely credible. "[T]he ALJ is charged with evaluating several factors in determining the RFC, including the medical evidence (not

limited to medical opinion testimony), and the claimant's testimony."  *Henderson v. Comm'r of Soc. Sec.*, No. 1:08cv2080, 2010 WL 750222, at *2 (N.D.Ohio Mar.2, 2010).  There is no requirement that the ALJ's RFC finding be based on the medical opinion of a physician.  See 20 C.F.R. § 404.1545(a) (3).

The ALJ discounted the psychiatrist's opinion that Plaintiff suffered from anything more than moderate symptoms because of the substantial evidence in the record by the other medical opinions.  The counselors, the consultative examiner and  the state agency reviewers all reported mild or moderate limitations and symptoms.  The ALJ found that there were contradictions in the psychiatrist's opinion and Plaintiff's testimony.   The Court agrees with the Magistrate Judge that because the ALJ is not required to include limitations he does not find to be credible, he did not err in omitting the limitation that Plaintiff cannot complete a normal workday or work week.  "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir.1997) (citing *Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1227 (6th Cir.1988)).

Because the ALJ did not find the opinion of the psychiatrist and the testimony of Plaintiff credible, the Court agrees with the Magistrate Judge's conclusion that the ALJ was not required to give any weight to the psychiatrist 's opinion that Plaintiff was unemployable.  A medical source's statement on an issue reserved for the Commissioner, such as an assertion that a claimant is "disabled" or "unable to work," is a legal conclusion, not a medical opinion, and such statements are not entitled to any special significance.  20 C.F.R. § 416.927(e);  *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

The Court agrees with the Magistrate Judge's determination that the ALJ's decision was supported by substantial evidence in the record including virtually all the

5

other medical opinions that addressed the issue.  As stated above, the ALJ is not required to base his findings on the medical opinion of a physician.  Here, the ALJ addressed Plaintiff's assertions regarding his inability to handle new tasks, fast paced or high demand jobs and side-by side work and thoroughly explained his reasoning.  The ALJ provided good reasons for assigning less weight to the psychiatrist's opinion and for determining credibility.  The Court agrees that the ALJ applied the correct legal standards in reaching his decision.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit and the Commissioner's decision denying Plaintiff's Application for Supplemental Security Income is supported by substantial evidence.  Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #18) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: 12/22/16**

 *s/Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**